```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

```
_____
                                   :
SONYA DOBSON                       :
filing as next of friend           :
for BRANDON DOBSON,                :
                                   :
          Petitioner,              :   Civ. No. 20-5519 (NLH)
                                   :
     v.                            :   OPINION
                                   :
                                   :
WARDEN,                            :
                                   :
          Respondent.              :
_____:
```

APPEARANCE:

Sonya Dobson
757 Bedford Ave.
Columbus, OH 43205

    Movant Pro se

Brandon Dobson
76569-061
FCI Fort Dix
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

    Petitioner Pro se

HILLMAN, District Judge

    Sonya Dobson seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 as a next friend of Brandon Dobson, a prisoner at FCI Fort Dix. See ECF No. 1 (petition).

Filing Fee

The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), the movant must submit an affidavit setting forth information which establishes that the movant is unable to pay the fees and costs of the proceedings.

Here, Movant has failed to either include the $5 filing fee or an application to proceed in forma pauperis.  Movant must either submit the $5 filing fee or a complete application to proceed in forma pauperis for the habeas petition to be considered.

Conclusion

For the reason set forth above, the Clerk of Court will be ordered to administratively terminate this Petition without prejudice.[1]  Movant will be granted leave to apply to re-open within thirty (30) days, by paying the filing fee of $5.00 or

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

2

submitting a complete in forma pauperis application. An appropriate Order will be entered.

Dated: May 6, 2020         s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.