```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SONYA DOBSON<br>filing as next of friend<br>for BRANDON DOBSON, | |
| Petitioner, | Civ. No. 20-5519 (NLH) |
| v. | OPINION |
| WARDEN, | |
| Respondent. | |

APPEARANCES:

Sonya Dobson
757 Bedford Ave.
Columbus, OH 43205
    Movant Pro se

Brandon Dobson
76569-061
FCI Fort Dix
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

    Petitioner Pro se

HILLMAN, District Judge

    Sonya Dobson seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 as a next friend of her son, Brandon Dobson, a prisoner at FCI Fort Dix.  See ECF No. 1 (petition).  For the following reasons, the petition is dismissed without prejudice for lack of standing.

BACKGROUND

Petitioner Brandon Dobson is a federal inmate presently serving his sentence at FCI Fort Dix, New Jersey. ECF No. 1. On May 4, 2020, Ms. Dobson filed a request for home confinement on Petitioner's behalf. Id. She argues Petitioner suffers from "severe Bilateral Maxillary Sinusitis and Minimal night ethmoid sinusitis" and "[t]he Administration at FCI Fort Disc [sic] is not prepared to meet its duty to provide care as required by the Constitution." Id. "God forbid he is infected by the Corona Virus, his immune system would be to [sic] weak to fight the virus, and a nonchalant health services administration that has repeatedly failed to address Dobson's request for a sleep breathing machine, would be even less inclined to provide care now that there is a shortage of ventilators and other medical supplies in New Jersey which also happens to be the second most severe state for COVID 19." Id.

STANDARD OF REVIEW

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106

2

(1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

DISCUSSION

Ms. Dobson seeks to file this habeas petition as a next friend on her son's behalf. "[U]nder the 'next friend' doctrine, standing is allowed to a third person only if this third person could file and pursue a claim in court on behalf of someone who is unable to do so on his/her own." In re Telfair, 745 F. Supp. 2d 536, 560 (D.N.J. 2010), aff'd in part, vacated in part sub nom. Telfair v. Office of U.S. Attorney, 443 F. App'x 674 (3d Cir. 2011). The Supreme Court has set forth two requirements for asserting "next friend" standing. "First, a 'next friend' must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action." Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). "Second, the 'next friend' must be truly dedicated to

3

the best interests of the person on whose behalf [she] seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." Id. at 163-64.  "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." Id. at 164.

As Petitioner's mother, Ms. Dobson presumably meets the significant relationship requirement.  However, she has not established that Petitioner is unable to pursue a habeas petition on his own behalf.  She asserts that "Mr. Dobson does not have access to the courts as he currently has to share 2 typewriters with 500 inmates but is unable to wait due to the steroids that are being prescribe[d] to him and causes drowsiness." ECF No. 1 at 1.  Petitioner does not need to file a typed habeas petition; a handwritten petition is acceptable so long as it is legible.  See Local Civil Rule 81.2(a).  Because there is an alternative method of filing, Ms. Dobson has not shown that Petitioner is unable to file a habeas petition on his own behalf.

In addition, "[i]n the federal courts, 'parties may plead and conduct their own cases personally or by counsel.'  This provision authorizes only 'two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself."'"

4

Berrios v. New York City Hous. Auth., 564 F.3d 130, 132 (2d Cir. 2009) (quoting 28 U.S.C. § 1654; Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007)).  In other words, Petitioner can appear on his own behalf or with an attorney to represent him.  "A non-attorney cannot represent another party, even if acting as a next friend."  Schlemmer v. Cent. Intelligence Agency, No. 19-3778, ___ F. App'x ___, 2020 WL 2465203, at *1 (3d Cir. May 13, 2020) (unpublished)(citing Berrios).

The Court must dismiss the petition as Ms. Dobson lacks standing to bring this petition on behalf of her son.  The dismissal is without prejudice to Mr. Dobson's ability to file a new § 2241 petition seeking this relief either on his own behalf or with the assistance of counsel.[1]  Alternatively, if Ms. Dobson is able to retain representation and establish that Mr. Dobson is unable to file his own petition, she may move to reopen this matter.

CONCLUSION

For the reasons set forth above, the petition is dismissed for lack of standing.  An appropriate Order follows.


Dated: May 19, 2020                s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[1] The Court expresses no opinion on whether Mr. Dobson can otherwise meet the requirements, including the exhaustion requirement, of § 2241.