```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
_____
                            :
BRANDON DOBSON,             :
                            :
          Petitioner,       :    Civ. No. 20-5519 (NLH)
                            :
     v.                     :    OPINION
                            :
                            :
WARDEN,                     :
                            :
          Respondent.       :
_____:
```

APPEARANCES:

Brandon Dobson, 76569-061
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

    Petitioner Pro se

Craig Carpenito, United States Attorney
Elizabeth Ann Pascal, Assistant United States Attorney
Office of the U.S. Attorney
401 Market Street
P.O. Box 2098
Camden, NJ 08101

    Counsel for Respondent

HILLMAN, District Judge

    Petitioner Brandon Dobson brings this amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 asking to be released to home confinement due to the coronavirus COVID-19 pandemic.  See ECF No. 6.  Respondent United States opposes the

§ 2241 petition, arguing that the Court lacks habeas jurisdiction over the request and that Petitioner failed to exhaust his administrative remedies.  ECF No. 8.

For the reasons that follow, the Court will dismiss the § 2241 petition.

I.   BACKGROUND

Petitioner was sentenced on a one-count information charging him with being a felon in possession of a firearm, 18 U.S.C. §§ 922(g), 924(a)(2).  Judgment of Conviction, United States v. Dobson, No. 2:17-cr-94 (S.D. Ohio Oct. 16, 2017) (ECF No. 33).  The district court sentenced Petitioner to a 46-month term of incarceration with 3 years of supervised release to follow.  Id.  "Assuming Petitioner receives all good conduct time available, his projected release date is April 20, 2021."  ECF No. 8 at 13.  He is presently confined at FCI Fort Dix, New Jersey.

Petitioner's mother, Sonya Dobson, filed a request for home confinement on Petitioner's behalf on May 4, 2020.  ECF No. 1.  She argued that Petitioner suffers from "severe Bilateral Maxillary Sinusitis and Minimal night ethmoid sinusitis" that makes him susceptible to infection by the novel coronavirus COVID-19, and "[t]he Administration at FCI Fort Disc [sic] is not prepared to meet its duty to provide care as required by the Constitution."  Id.

The Court concluded that Ms. Dobson did not meet the requirements to bring the petition as a next friend for her son and dismissed the petition without prejudice. ECF No. 4. It permitted Petitioner to file an application on his own behalf or for Ms. Dobson to return with the assistance of counsel. Id.

Petitioner submitted an amended document on June 11, 2020. ECF No. 6. He states that Fort Dix "has seen a significant outbreak of COVID-19"[1] and "has failed to implement sufficient precautionary measures to protect its inmates and has failed to comply with Attorney General's instruction to release inmates to home confinement." Id. at 1. He alleges that he is a "chronic care inmate . . . because of the various ailments such as bilateral maxillary sinusitis and minimal night ethmoid sinusitis." Id. "Mr. Dobson is not a danger to others or the Community and the factors of 3553(a) warrant a reduction and or redesignation to home confinement. The sentencing judge did not see Mr. Dobson as a repeat offender." Id. at 2.

The United States argues that the Court lacks jurisdiction over the petition because it contests the conditions of Petitioner's confinement as opposed to the execution of his

---

[1] As of July 16, 2020, the BOP reports 5 inmates and 0 staff members currently testing positive for COVID-19; 35 inmates and 5 staff members having recovered from the virus; and 0 inmate or staff deaths at Fort Dix. See COVID-19 Cases, available at https://www.bop.gov/coronavirus/ (last visited July 16, 2020).

3

sentence.  ECF No. 8.  It further argues Petitioner failed to exhaust his administrative remedies before filing his habeas petition.

II. DISCUSSION

    A. Legal Standard

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition must be construed liberally.  See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

    B. Analysis

The United States argues this Court lacks jurisdiction over the petition because it does not concern the "core" of habeas.  "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid."  McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010) (citing Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002)).

4

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). "Examples of habeas claims that affect the duration of confinement include parole challenges, loss of good time credits and incorrect sentence calculations." Wragg v. Ortiz, No. 20-5496, ___ F. Supp. 3d ___, 2020 WL 2745247, at *14 (D.N.J. May 27, 2020). "Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction," a civil rights action is the proper method to seek relief. Leamer, 288 F.3d at 542.

Petitioner argues that his illnesses combined with Fort Dix's allegedly insufficient response to COVID-19 make his continued detention in that facility unconstitutional. The Honorable Renée Marie Bumb of this District recently dismissed a putative class action filed under § 2241 raising claims like Petitioner's on behalf of all "medically vulnerable" inmates at Fort Dix. Wragg, No. 20-5496, 2020 WL 2745247. After discussing the general distinction between claims brought in habeas versus claims brought in civil rights actions, Judge Bumb noted that the Supreme Court in dicta left open the possibility that prisoners might be able to challenge their confinement conditions via a petition for a writ of habeas corpus in

5

exceptional circumstances.  See id. at *15 (citing Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Preiser v. Rodriguez, 411 U.S. 475, 499 (1973)).  However, "neither the Supreme Court nor the Third Circuit has ever recognized any exceptional circumstance that would allow Petitioners to challenge their conditions of confinement in a habeas petition."  Id. (citing Muhammad v. Close, 540 U.S. 749, 751 n.1 (2004)).  Judge Bumb declined to find that the mere threat of exposure to COVID-19 was such an exceptional circumstance and dismissed for lack of habeas jurisdiction.  "To be fair, Petitioners' fear of contracting COVID-19 is not unwarranted.  Such a fear permeates American society, and in a prison environment such fears are most likely heightened.  But nothing in the Complaint rises to the level of circumstances that warrant habeas relief."  Id. at *19.

The Court is persuaded by the reasoning in Wragg.  Petitioner has not presented any facts beyond a generalized concern of contracting COVID-19 due to the alleged conditions at Fort Dix.  To the extent the petition argues that the threat of COVID-19 exposure in and of itself makes Petitioner's confinement in Fort Dix unconstitutional, the Court does not have jurisdiction under § 2241.  The Court also lacks jurisdiction over any claim for compassionate release or a sentence reduction under 18 U.S.C. § 3582(c) because those

6

claims must be filed in the sentencing court, which in this case is the Southern District of Ohio.[2]

Construing the petition liberally, the Court concludes that release to home confinement is not warranted under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, § 12003(b)(2) (2020) at this time.  A claim that the BOP arbitrarily denied Petitioner release on home confinement under the CARES Act would appropriately be addressed under § 2241, but there must be a BOP decision for the Court to review.  See Roscoe Benton III, v. David Ortiz, No. 20-4056, 2020 WL 3287971, at *3 (D.N.J. June 18, 2020) ("[T]he factors the BOP considers for home confinement eligibility under the CARES Act are subject to deviation and may be revised if circumstances change.  Therefore, exhaustion of administrative remedies serves an important purpose.").

There is no evidence before the Court that Petitioner sought home confinement under the CARES Act and was denied.  See ECF No. 18-1 (Declaration of BOP Senior Attorney Christina Clark).  Consequentially, "to the extent that Petitioner seeks review of the BOP's home confinement placement decision, the

---

[2] The Court declines to transfer those claims to the Southern District because Petitioner currently has a motion for reduction of sentence under 18 U.S.C. § 3582 pending in that court. United States v. Dobson, No. 2:17-cr-94 (S.D. Ohio Oct. 16, 2017) (ECF No. 48)

petition is premature." Furando v. Ortiz, No. 20-3739, 2020 WL 1922357, at *4 (D.N.J. Apr. 21, 2020). Petitioner is free to file a § 2241 petition raising this argument after he has at least attempted to exhaust this claim within the BOP. Alternatively, Petitioner may file a civil rights claim contesting the conditions of his confinement.

III. Conclusion

    The Court dismisses the habeas corpus petition for lack of jurisdiction or, in the alternative, for failure to exhaust.

    An appropriate Order will be entered.


Dated: July 17, 2020          s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.